# EXHIBIT A

FILED
9/4/2020 11:43 AM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings

_____ Deputy
Karin Noble

1  J. TONY SERRA, SBN 32639
2  ERICA TREEBY, SBN 275947
   3330 Geary Blvd., 3rd Floor East
3  San Francisco CA 94188
   Tel: (415) 986-5591
4  Fax: (415) 421-1331
   Erica@Pier5Law.com
5
6  Attorney for Plaintiff
   JAHMARI BUTLER
7
8
9            SUPERIOR COURT OF CALIFORNIA
10               COUNTY OF KINGS
11
12  JAHMARI BUTLER,                    Case No.:   20C-0243
13          Plaintiff,
14  vs.                               COMPLAINT FOR VIOLATION OF
                                      TITLE 42 U.S.C. § 1983, *MONELL* CLAIM,
15                                    VIOLATION OF CALIFORNIA
16  CALIFORNIA DEPARTMENT OF          STATUTES, VIOLATION OF COMMON
    CORRECTIONS AND REHABILITATION;   LAW TORTS, AND DAMAGES
17  WARDEN KEN CLARK; SGT. P.
    FIGABATTO-PEREZ; OFFICER S.       [DEMAND FOR JURY TRIAL]
18  SARMIENTO; OFFICER J. ROCHA;
    OFFICER M. CRUZ; DOES 1 through 10,
19  inclusive,
20
21          Defendants.
22
23
24                    **INTRODUCTION**
25  1. This civil rights action seeks compensatory and punitive damages from Defendants for
26     violating various rights under the United States Constitution and state law in connection
27     with a violent, unprovoked attack perpetrated against Plaintiff Jahmari Butler by
28     Defendant correctional officers at California State Prison, Corcoran, on December 16,
29     2019.
30
31                **JURSIDICTION AND VENUE**
32  2. The Superior Court has original jurisdiction over this action pursuant to Article VI,

1

Section 10 of the California Constitution.

3. The Superior Court has jurisdiction over each Defendant named because: (i) each Defendant is headquartered in the State of California; (ii) each Defendant is authorized to and conducts business in and across Kings County; and (iii) each Defendant otherwise has sufficient minimum contacts with and purposefully avails itself of the markets of this State and County, thus rendering the Superior Court's jurisdiction consistent with traditional notions or fair play and substantial justice.

4. Venue is proper under Code of Civil Procedure section 393(a), because each Defendant named above is headquartered and/or works at California State Prison – Cororcan, which is located in the County of Kings and the illegal acts described below occurred in the County of Kings.

## ADMINISTRATIVE PRE-REQUISITES

5. Plaintiff has complied with California Government Code §§ 910 and 911.2, the Government Claims Act, in that he timely filed his tort claim with the Government Claims Program. Plaintiff filed his claim by mailing his completed claim form to the Government Claims Program on or about February 13, 2020. (See, Exhibit A.) By letter dated March 30, 2020, Plaintiff received notification from the Government Claims Program that his claim was rejected due to the complexity of the issues set forth in his claim and was informed of his right to file a lawsuit to seek redress for the misconduct complained of therein.

## PARTIES

6. At all times mentioned herein, Plaintiff Jahmari Butler ("PLAINTIFF") is and was a prisoner of the State of California in the custody of the California Department of Corrections ("CDCR"). At all times relevant to the material allegations in this complaint, PLAINTIFF was incarcerated at California State Prison, Corcoran ("CSP-COR"), which is operated by the state agency, CDCR. In or about June 2020, PLAINTIFF was transferred to California State Prison, Sacramento ("CSP-SAC"), where he is currently

2

incarcerated and serving a sentence.

7. At all times mentioned herein, Defendant California Department of Corrections and Rehabilitation ("CDCR"), was an official subdivision of California responsible for providing law enforcement and detention services for California, including supervising, operating, and managing CSP-COR. At all times mentioned herein, CSP-COR is and was a state funded prison owned and operated by California and an official subdivision of CDCR. All officers and personnel employed by CSP-COR are employees of CDCR. At all times mentioned herein, CDCR was operating, maintaining, managing and doing business as CSP-COR, a state owned and operated correctional and rehabilitation facility in the County of Kings, and as such assumed the responsibility of providing a Constitutionally mandated level of food, shelter, medical aid, and safety to inmates housed within CSP-COR as wards of the state, as well as responsible for overseeing the day to day operations and security of the prison. All of the acts complained of herein by PLAINTIFF against Defendants were done and performed by said Defendants by and through their authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and/or employment with CDCR and CSP-COR. PLAINTIFF believes that CDCR is legally responsible and liable for the incident, injuries and damages herein set forth. CDCR proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, it breached its duty to PLAINTIFF to provide safety and security while serving a prison sentence, violated public policy when its employees used excessive force and retaliated against PLAINTIFF. CDCR is liable for the actions of its employees, through vicarious or imputed liability and *respondiat superior.*

8. At all times mentioned herein, Defendant Ken Clark ("CLARK") was employed by CDCR as the Warden of CSP-COR. He was responsible for the administration and application of statewide CDCR policies, and was ultimately responsible for the operation

3

of CSP-COR. CLARK was responsible for decisions concerning staff employment and training, and the implementation of policies, procedures, guidelines concerning the protection of prisoners from physical and mental abuse and other violations of their rights, and policies and procedures relating to the discipline, punishment, and transfer of inmates. The decisions made by CLARK concerning the implementation of policies procedures, and guidelines concerning the protection of prisoners from physical and mental abuse, the discipline, punishment, and transfer of inmates, and the enforcement of prisoners' rights directly affected PLAINTIFF'S ability to be free of excessive force, physical and mental abuse, deprivations of constitutional rights and other violations complained of herein. CLARK was responsible for the supervision, training, and hiring of persons, agents, and employees working within CSP-COR, including prison staff, correctional officers, and medical staff. CLARK was also responsible for the discipline of staff whose negligence or misconduct contributed to an inmate's injuries and unjust deprivations of liberty. He is responsible for ensuring custody staff received training in properly reporting incidents and in processing prisoners' grievances. CLARK is being sued in his individual capacity as a supervisory defendant and employee of CDCR and CSP-COR. At all times mentioned herein, CLARK acted within the course and scope of his employment and under color of law.

9. At all times mentioned herein, Defendant Sergeant P. Figabatto-Perez ("PEREZ") was employed by CDCR as a supervising Sergeant at CSP-COR. PEREZ was responsible for the supervision and training of correctional officers, as well as the discipline and punishment of inmates resulting from alleged instances of misconduct. PEREZ is being sued in his individual capacity as a supervisory defendant and as an employee of CDCR and CSP-COR. At all times mentioned herein, PEREZ acted within the course and scope of his employment and under color of law.

10. At all times mentioned herein, Defendant Officer S. Sarmiento ("SARMIENTO") was employed by CDCR as a correctional officer at CSP-COR. SARMIENTO is being sued

4

in his individual capacity and as an employee of CDCR and CSP-COR. At all times mentioned herein, SARMIENTO acted within the course and scope of his employment and under color of law.

11. At all times mentioned herein, Defendant Officer J. Rocha ("ROCHA") was employed by CDCR as a correctional officer at CSP-COR. ROCHA is being sued in his individual capacity and as an employee of CDCR and CSP-COR. At all times mentioned herein, ROCHA acted within the course and scope of his employment and under color of law.

12. Defendant Officer M. Cruz ("CRUZ") was employed by CDCR as a correctional officer at CSP-COR. CRUZ is being sued in his individual capacity and as an employee of CDCR and CSP-COR. At all times mentioned herein, CRUZ acted within the course and scope of his employment and under color of law.

13. PLAINTIFF is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each Defendant is legally responsible for and caused the acts and injuries alleged herein. PLAINTIFF believes and alleges that each of Defendants DOES 1 through 10, inclusive, were at all relevant times alleged herein employed by or agents of CDCR and/or CSP-COR. PLAINTIFF alleges that DOES 1 through 10, and each of them, were charged at CSP-COR with the supervision, management, monitoring, control of inmates, and the supervision, training, and determination of policy whose acts or omissions were material to PLAINTIFF'S unlawful injuries and deprivation of rights. PLAINTIFF alleges that each of Defendants DOES 1 through 10: (1) were deliberately and/or negligently indifferent to PLAINTIFF'S physical safety by failing to intervene, or (2) engaged in willful or wanton infliction of pain, or (3) thwarted PLAINTIFF from being able to exhaust his administrative remedies, or (4) violated PLAINTIFF'S civil rights, or (5) encouraged, directed, enabled and/or ordered other Defendants to engage in such conduct, or (6) a

5

combination of the above. PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously named Defendants is liable in the manner set forth below for the acts and omissions concerning the events herein referred to, which proximately caused damages, injuries, and unlawful deprivation of PLAINTIFF'S rights. PLAINTIFF will ask for leave to amend his complaint subject to further discovery.

14. In engaging of the conduct alleged herein, Defendants acted under the color of law and in the course and scope of their employment with CDCR. In engaging in the conduct described herein, Defendants exceeded the authority vested in them as correctional officers and supervisors, under the United States and California Constitutions, and as employees of CDCR.

15. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct, or acting jointly and in concert with one or more others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent unlawful conduct, by implementing or failing to implement policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to maintain adequate training, supervision and staffing with deliberate indifference to PLAINTIFF'S rights, and by failing to maintain proper and adequate policies, procedures and protocols. Each of the Defendants are liable for their personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

16. Whenever and wherever reference is made in this Complaint to any act by Defendants and DOE Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant and DOES Defendants individually, jointly, or severally.

17. Each and every averment in this pleading is incorporated in each and every other averment or allegation and in each Cause of Action herein.

6

## STATEMENT OF FACTS

18. From mid-2016 through June 2020, PLAINTIFF was imprisoned by CDCR and serving a sentence at CSP-COR, pursuant to judgment in Alameda County Superior Court Case No. 173721.

19. PLAINTIFF is and was an exceptional inmate, who has regard for prison rules and is not prone to getting into or causing trouble, is well aware of CDCR and CSP-COR'S rules and regulations, and has suffered little to no disciplinary infractions while in the custody of CDCR.

20. On December 16, 2019, PLAINTIFF was housed in Building 4 on Facility C in cell number 207. In the afternoon to evening of December 16, 2019, PLAINTIFF was confined to his locked cell, of which he was the sole occupant, while other inmates in his tier were out of their cells for dayroom. PLAINTIFF waived at ROCHA and CRUZ and requested to be let out of his cell to shower. ROCHA responded, "Oh, I thought ISIS didn't take showers," and walked away. Although PLAINTIFF was not on disciplinary restriction, he was not permitted to leave his cell to shower or participate in dayroom. Thereafter, several inmates approached PLAINTIFF'S cell and informed PLAINTIFF that the correctional officers, SARMIENTO and/or ROCHA and/or CRUZ, said that they did not want to allow PLAINTIFF to leave his cell.

21. PLAINTIFF later called out to SARMIENTO and inquired whether PLAINTIFF could be released from his cell to shower. In response, SARMIENTO called PLAINTIFF a "bitch." PLAINTIFF retorted by calling SARMIENTO a "bitch." During evening pill call, an inmate approached PLAINTIFF'S cell door and told PLAINTIFF that he overheard SARMIENTO say that he was going to beat up PLAINTIFF.

22. After pill call ended, the correctional officers locked all of the inmates in their respective cells. PLAINTIFF looked down from his cell and observed SARMIENTO and ROCHA talking to each other in their office while looking in the direction of PLAINTIFF'S cell. PLAINTIFF then observed SARMIENTO remove his utility belt and walk up the tier

7

towards PLAINTIFF'S cell. When SARMIENTO was still a several feet from PLAINTIFF'S cell, PLAINTIFF'S cell door suddenly unlocked and opened.

23. SARMIENTO was not following the regulations and operating procedures set forth in CDCR'S Department Operational Manual.

24. PLAINTIFF looked to see who was at the tower control booth, which contained the controls to open an inmate's cell door; and observed CRUZ at the tower control booth, staring intently at PLAINTIFF. PLAINTIFF is informed and believes and thereupon alleges that CRUZ, aware of SARMINETO'S intention to attack PLAINTIFF, opened PLAINTIFF'S cell door without following CDCR policies and procedures for the purpose of aiding in the planned brutal attack against PLAINTIFF.

25. SARMIENTO walked into PLAINTIFF'S cell and without notice, provocation, or justification swung his right hand with a closed fist against PLAINTIFF's face with such force that PLAINTIFF was launched backwards into his bunk. SARMIENTO climbed on top of PLAINTIFF and used his fists to repeatedly punch PLAINTIFF in his head, striking PLAINTIFF'S face, chin, cheeks, and mouth, in a vicious and aggressive manner.

26. PLAINTIFF heard an alarm go off and then observed ROCHA run into PLAINTIFF'S cell holding a pepper spray canister in his hand. Rather than take reasonable steps to thwart SARMIENTO'S brutal attack on PLAINTIFF, ROCHA sprayed PLAINTIFF with pepper spray all over PLAINTIFF'S face and body. At this point, PLAINTIFF was able to break free from SARMIENTO, but ROCHA prevented PLAINTIFF from getting away. ROCHA used his baton to repeatedly hit PLAINTIFF on his head from the front, while SARMIENTO struck PLAINTIFF from behind. PLAINTIFF is informed and believes and therein alleges that CRUZ, from his position in the control tower, witnessed the use of excessive and unjustified force by SARMIENTO and/or ROCHA against PLAINTIFF, had the opportunity to intervene, but failed to take reasonable steps to end the beatings.

27. Eventually, PLAINTIFF was able to maneuver past ROCHA and get out of his cell. PLAINTIFF dove onto the ground and lay on his stomach with his hands behind his back. PLAINTIFF looked up and observed CRUZ pointing a rifle at him from CRUZ's location in the control tower. At that moment, PLAINITFF formed the belief that CRUZ would shoot and kill him. While PLAINTIFF lay prone on the ground, SARMIENTO and/or ROCHA placed PLAINTIFF in handcuffs. Then, with PLAINTIFF compliant and in handcuffs, SARMIENTO and/or ROCHA maliciously stomped on PLAINTIFF'S right hand with extreme force and without justification, causing severe pain and injury to PLAINITFF.

28. PLAINTIFF was escorted to the shower by four officers, possibly DOES 1-10. PLAINTIFF was not given a shower and the officers, refused to allow PLAINTIFF to decontaminate.

29. PLAINTIFF was placed in a holding cell in the program office, where he informed PEREZ that his eyes and body burned from the pepper spray, that he was having trouble seeing, and that he needed to decontaminate. However, PEREZ ignored his request, willfully or with intentional disregard for PLAINTIFF'S serious medical needs. PLAINTIFF showed PEREZ his injured hands and drooping and deformed thumb, and requested immediate medical attention for his injuries, but PEREZ again ignored his request. PLAINTIFF informed PEREZ that the officers unjustifiably attacked him.

30. PLAINTIFF alleges that he was not permitted to decontaminate from the pepper spray until approximately two to three hours after the attack. The delay in decontamination caused PLAINTIFF to suffer unnecessary and wanton pain and emotional distress.

31. The following day, PLAINTIFF received x-rays at the Correctional Treatment Center and was advised by a doctor that his left hand was fractured at the thumb. PLAINTIFF also sought medical attention from the doctor for his both right hand and jaw due to the swelling and pain; however, the doctor refused to perform more x-rays and downplayed the severity of the injuries. After filing several medical requests, x-rays to these areas

9

were eventually performed; however, PLAINTIFF was later advised by a nurse working at the medical clinic that the x-rays showed no injuries to his jaw or right hand or thumb.

32. Finally, a few weeks after the incident, the injury to PLAINTIFF's right hand was treated by an outside specialist, who informed PLAINTIFF that his right thumb was dislocated. In or about mid-January 2020, PLAINTIFF underwent a closed reduction surgery wherein a pin was inserted into his dislocated thumb. Approximately four to six weeks later, PLAINTIFF underwent another surgery to remove the pin.

33. In connection with the attack and based upon the reports filed by Defendants SARMIENTO, ROCHA, and CRUZ, and ratified by PEREZ and CLARK, PLAINTIFF received a Rules Violation Report ("RVR") for assault on an officer not likely to cause great bodily injury. SARMIENTO, ROCHA, and CRUZ filed false reports that concealed the true facts of the incident. SARMIENTO and CRUZ both claimed they observed PLAINTIFF take a fighting stance and attempt to swing at SARMIENTO with his fist. CRUZ stated that he then yelled at PLAINTIFF to get down, but PLAINTIFF did not comply. SARMIENTO claimed that he accidentally discharged his pepper spray on the side of the cell door while attempting to secure PLAINTIFF in his cell. SARMIENTO averred that PLAINTIFF'S hand injury occurred when PLAINTIFF ran out of his cell and slipped. ROCHA's report corroborated SARMIENTO'S account. ROCHA stated that he was downstairs for the majority of the incident, and only responded to PLAINTIFF'S cell when he heard CRUZ yell, "Get down!" ROCHA made no mention of deploying his pepper spray or beating PLAINTIFF with his baton. ROCHA further stated that he personally escorted PLAINTIFF to the shower to decontaminate, which PLAINTIFF alleges is false.

34. The day after the attack, a supervising staff member, possibly DOES 1-10, advised PLAINTIFF that he would serve an eight-month term in the Secured Housing Unit ("SHU"), and then be transferred to a 180 degree prison. PLAINTIFF explained that he was assaulted by Defendants, but the supervising staff member ignored his complaint.

35. PLAINTIFF was interviewed by two supervising staff members regarding the incident and his resultant injuries. PLAINTIFF believes and thereon alleges that said interview was video recorded.

36. PLAINTIFF is informed and believes and thereon alleges that Defendants, individually or while acting in concert, acted with malicious and sadistic intent to cause harm, deliberate malice and/or indifference and/or reckless disregard toward PLAINTIFF'S federal and state rights, used unreasonable excessive force against PLAINTIFF, failed to intervene to prevent further injury, and targeted and retaliated against PLAINTIFF without probable cause or any reasonable factual basis to support the assault and use of excessive force.

37. PLAINTIFF is informed and believes and thereon alleges that SARMIENTO, ROCHA, and CRUZ coordinated the attack, and conspired together to cause PLAINTIFF serious harm or death. PLAINTIFF'S belief is based upon the statements of the inmates who witnessed the officers' say that they were going to attack PLAINTIFF, as well as the orchestrated way in which the officers pulled off the assault and filed false reports to cover up their use of excessive force.

38. PLAINTIFF believes and thereon alleges that the false reports were ratified by CLARK, PEREZ and DOES 1-10, other supervisors within CDCR and CSP-COR, despite their actual and/or constructive knowledge of PLAINTIFF'S claim of excessive force and the injuries suffered by PLAINTIFF, which were inconsistent with the allegations contained in the false reports.

39. PLAINTIFF believes and thereon alleges that CLARK, PEREZ, and DOES 1-10, other supervisors within CDCR and CSP-COR, initiated and/or authorized the discipline and punishment of PLAINTIFF by sentencing PLAINTIFF to an 8-month SHU term and transfer to a maximum security prison.

40. PLAINTIFF believes and thereon alleges that CDCR knew, had reason to know by way of actual or constructive notice of the culture, pattern, and/or practice and the complained of conduct and resultant injuries/violations.

11

41. At all times, PLAINTIFF made diligent efforts to exhaust his administrative remedies by filing multiple CDCR Form 602 administrative appeals based upon Defendants' use of excessive force, false reports contained within the RVR and Defendants' incident reports, and the classification committee's decision to punish him to an eight-month SHU term followed by transfer to a 180-degree prison. PLAINTIFF appealed the decisions on all 602s through the third and final level of review. Thus, those remedies are exhausted or should be deemed exhausted.

## DAMAGES

42. PLAINTIFF was physically and emotionally injured as a direct and proximate result of the brutal attack on his person, including but not limited to: physical injuries, including a concussion, dislocated right thumb requiring surgery, permanent nerve damage to his right hand, fracture to his left hand/thumb, inability to do simple tasks such as write or exercise due to ongoing injuries to his hands, pain and clicking in jaw, and general bruising and swelling throughout; neurological/cognitive damage sustained by the repeated blows to his head; and mental and emotional damage resulting in depression, nightmares, anxiety, insomnia, fear of government officials and post-traumatic stress related illnesses. As a consequence of Defendants' violations of his federal civil rights under 42 U.S.C. § 1983 and the First, Eighth and Fourteenth Amendments, PLAINTIFF has suffered long-term and continuing physical and emotional injuries.

43. PLAINTIFF is entitled to recover damages pursuant to the pain, suffering, and physical injuries he endured as a result of his civil rights being violated and the tortious acts by Defendants, inclusive.

44. In committing the acts alleged herein, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of PLAINTIFF, and by reason thereof PLAINTIFF is entitled to exemplary and punitive damages in an amount to be proven at trial.

45. PLAINTIFF found it necessary to engage the services of private counsel to vindicate his

12

rights under the law, PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.SC. Sections 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983- Violation of Eighth Amendment Rights

### (Excessive Force - Cruel and Unusual Punishment)

### (Against CDCR, Sarmiento, Rocha, Cruz and DOES 1-10 inclusive)

46. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

47. On December 16, 2019, SARMIENTO entered PLAINTIFF'S cell and physically assaulted and battered, PLAINTIFF under color of law without justification, and with reckless disregard of his civil rights, by repeatedly and brutally punching, beating, and attacking PLAINTIFF. ROCHA joined in the attack by pepper spraying PLAINTIFF and beating PLAINTIFF over the head with his baton. SARMIENTO and/or ROCHA then viciously, and without justification, stomped on PLAINTIFF'S hand while PLAINTIFF was restrained in handcuffs. CRUZ aided and abetted SARMIENTO and ROCHA'S attack by opening PLAINTIFF'S cell door without following prison protocols and standing watch over the beating.

48. PLAINTIFF asserts a claim of excessive force and cruel and unusual punishment in violation of his Eighth Amendment rights under the U.S. Constitution against these Defendants based upon unjustified, unreasonable, and excessive force, which caused injury to PLAINITIFF. Each of the foregoing Constitutional violations was the direct and legal cause of all of PLAINTIFF'S injuries and damages.

49. At all times, the use of force exhibited by Defendants was deliberate, unjustified, unreasonable, and greater than the force warranted under the circumstances. At all times during the use of force against PLAINTIFF, Defendants were acting within the course and scope of their employment with CSP-COR and CDCR and under color of law.

13

50. At the time of the acts by Defendants, PLAINTIFF did not initiate the attack and did not threaten, assault, provoke, or resist Defendants; and, specifically, PLAINTIFF did not take a fighting stance and attempt to strike SARMIENTO, as alleged by SARMIENTO and CRUZ in their incident reports and RVR. But, regardless of whether or not PLAINTIFF took a fighting stance and attempted to strike SARMIENTO with his fist, all instances of above-described force were more than what was reasonably warranted to restore order.

51. Defendants subjected PLAINTIFF to the aforementioned deprivations with malicious and sadistic intent to cause harm, actual malice, deliberate indifference, and/or reckless disregard for his rights under the United States Constitution.

52. PLAINTIFF was forced to endure great pain and suffering, debilitating physical injuries, and emotional and psychological trauma as the direct and proximate cause of the Defendants' brutal attack on his person in violation of PLAINTIFF'S federal civil rights under 42 U.S.C. § 1983 and the Eighth Amendment.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983- Violation of Eighth and Fourteenth Amendment Rights**
**(Excessive Force-Failure to Intervene)**

**(Against CDCR, Sarmiento, Rocha, Cruz and DOES 1-10 inclusive)**

53. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

54. PLAINTIFF was subjected to cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights when Defendants, under color of law, failed to take reasonable steps to end the unlawful use of excessive force and deprivation of rights alleged herein.

55. PLAINTIFF is informed and believes and thereupon alleges that Defendants were present, observed, and/or otherwise were aware or reasonably should have been aware

14

that PLAINTIFF was being subjected to excessive force and the deprivation of rights alleged herein.

56. At all times during the use of force against PLAINTIFF, Defendants were acting within the course and scope of their employment with CSP-COR and CDCR and under color of law.

57. PLAINITFF is informed and believes and thereupon alleges that Defendants had a reasonable opportunity and sufficient time to prevent and/or intervene to prevent PLAINTIFF from being subjected to excessive force and the deprivation of rights alleged herein.

58. Plaintiff is informed and believes and thereupon alleges that Defendants had a duty to prevent and/or intervene to prevent PLAINTIFF from being subjected to excessive force and the deprivation of rights alleged herein.

59. PLAINTIFF is informed and believes and thereupon alleges that Defendants refused and/or failed to prevent and/or intervene to prevent PLAINTIFF from being subjected to excessive force and the deprivation of rights alleged herein.

60. The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries, which warrant the awarding of general and compensatory damages in a sum according to proof.

61. Defendants subjected PLAINTIFF to the aforementioned deprivations with malicious and sadistic intent to cause harm, actual malice, deliberate indifference, and/or reckless disregard for his rights under the United States Constitution and the laws of the State of California.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983- Violation of Eighth and Fourteenth Amendment Rights**

**(Conspiracy)**

**(Against CDCR, Sarmiento, Rocha, Cruz, Perez and DOES 1-10 inclusive)**

62. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

63. PLAINTIFF was subjected to deliberate indifference in violation of his Eighth and Fourteenth Amendment rights when Defendants conspired together in furtherance of the conspiracy to harm PLAINTIFF, to conceal the excessive use of force and the failure to intervene in the excessive use of force, and to violate PLAINTIFF'S federal and state constitutional rights.

64. At all times during the use of force against PLAINTIFF, Defendants were acting within the course and scope of their employment with CSP-COR and CDCR and under color of law.

65. PLAINTIFF is informed and believes and thereupon alleges that SARMIENTO, ROCHA, and CRUZ conspired to hide the excessive use of force perpetrated against PLAINTIFF by filing false reports and fabricating a story that PLAINTIFF took a fighting stance and attempted to strike SARMIENTO with his fist. By fabricating a cover story that pointed to PLAINTIFF as the initial aggressor and cast the deployment of pepper spray as an accident, Defendants conspired to cover up the unlawful assault on PLAINTIFF in order to justify their use of force so that PLAINTIFF'S claims of excessive force would not be believed and would appear less credible, and to make false reports to avoid any disciplinary actions for their behavior.

66. PLAINTIFF believes and alleges that PEREZ was on duty in a supervisory role on December 16, 2019, at the time of the vicious of attack on PLAINTIFF. PEREZ observed the extent of PLAINTIFF'S injuries and was aware and/or reasonably should have been aware of PLAINTIFF'S claim that he was subjected to excessive force without justification. PLAINTIFF believes and alleges that PEREZ took part in and furthered the conspiracy by supporting the false reports made by SARMIENTO, ROCHA, and CRUZ that were filed in an attempt to cover for the injuries inflicted on PLAINTIFF. PEREZ knew or reasonably should have known that the extent of PLAINTIFF'S injuries was

16

inconsistent with the "cover" story submitted by SARMIENTO, ROCHA, and CRUZ, yet PEREZ failed to conduct any further investigation into the use of excessive force. PLAINTIFF believes and thereupon alleges that PEREZ took part in the conspiracy by going along with and/or approving the false reports, conducting little or no investigation into the beating, and ignoring PLAINTIFF'S claims in order to conspire to protect all Defendants with his supervisory position.

67. PLAINTIFF is informed and believes and thereon alleges Defendants conspired together in furtherance of the conspiracy to harm PLAINTIFF and violate his constitutional rights, to cover-up the harm done by their co-workers, to make false reports to avoid any disciplinary actions for their behavior and make PLAINTIFF'S account seem less credible, to fail to gather evidence and investigate PLAINTIFF'S claims, all so that Defendants could continue to get away with violating the inmates' constitutional rights.

68. The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries.

69. The aforementioned acts and omissions of Defendants, and each of them, were willful, malicious and oppressive, without legal justification or legal authority.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983- Violation of Eighth Amendment Rights

### (Deliberate Indifference to Medical Needs)

### (Against CDCR, Rocha, Perez, and DOES 1-10 inclusive)

70. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

71. PLAINTIFF asserts violations of the Eighth Amendment on the basis of deliberate indifference to PLAINTIFF'S serious medical needs, which resulted from the assault, battery, and deployment of pepper spray against PLAINTIFF on December 16, 2019.

72. At all times during the aforementioned acts against PLAINTIFF, Defendants were acting

within the course and scope of their employment with CSP-COR and CDCR.

73. PLAINTIFF is informed and believes and thereupon alleges that on December 16, 2019, Defendants acted specifically with the intent to deprive PLAINTIFF of medical attention even though they knew that the he was in severe pain, injured and/or had been pepper sprayed and not allowed to decontaminate due to observing and/or participating in and/or being advised of the excessive force/pepper spray used against PLAINTIFF as well as PLAINTIFF'S many requests for medical attention and/or decontamination and complaints of pain.

74. PLAINTIFF is informed and believes and thereupon alleges that Defendants knew that the failure to allow PLAINTIFF to timely and properly decontaminate and/or be treated for the injuries to his hands and head would result in further significant injury or the unnecessary and pointless infliction of pain.

75. ROCHA intentionally disregarded PLAINTIFF'S serious medical needs by pepper spraying PLAINTIFF and then filing a false report and advising PEREZ and other officers that he personally escorted PLAINTIFF to the shower for decontamination. ROCHA knew that his false claim would act to deter and/or unreasonably delay other officers/personnel from permitting PLAINTIFF to decontaminate because they believed decontamination had already occurred, thereby inflicting unnecessary and wanton pain and suffering on PLANITIFF.

76. PEREZ intentionally disregarded PLAINTIFF's serious medical needs by ignoring PLAINTIFF'S multiple requests for medical attention and decontamination after personally observing PLAINTIFF'S injuries, including PLAINTIFF'S red, swollen eyes and dislocated thumb, and listening to PLAINTIFF's pleas for medical assistance and decontamination.

77. Said Defendants subjected PLAINTIFF to the aforementioned deprivations with malicious and sadistic intent to cause harm, actual malice, deliberate indifference and/or reckless disregard for his rights under the United States Constitution, the laws of the State

18

of California, and his physical wellbeing as set forth in detail in PLAINTIFF'S factual allegations, and upon information and belief, failed to comply with prison procedures for responding to inmate injuries, deployment of pepper spray and decontamination protocol.

78. At the time of said acts by Defendants, PLAINTIFF was not engaged in wrongdoing of any nature to warrant the unreasonable denial of medical assistance and/or decontamination.

79. As the direct and proximate cause of the aforementioned acts and omissions of Defendants, PLAINTIFF suffered unnecessary pain, physical injuries and severe emotional distress.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983- Violation of First Amendment Rights

### (Retaliation)

### (Against CDR, Clark, Perez and DOES 1-10 inclusive)

80. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

81. PLAINTIFF asserts violations of the First Amendment on the basis of Defendants' retaliation against PLAINTIFF for filing grievances against officers and staff. An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.

82. At all times during the aforementioned acts against PLAINTIFF, Defendants were acting within the course and scope of their employment with CSP-COR and CDCR.

83. Defendants violated PLAINTIFF'S First Amendment right by retaliating for the grievances PLANITIFF filed regarding the excessive force perpetrated on him on December 16, 2019, by punishing PLAINTIFF with a SHU term of eight months and requiring his transfer from CSP-COR to CSP-SAC, a 180-degree maximum security prison.

19

84. Immediately after the December 16, 2019 brutal attack, PLAINTIFF complained to supervising staff and filed multiple grievances through the Form 602 administrative appeals procedure alleging that SARMIENTO, ROCHA, and CRUZ unjustifiably utilized excessive force against him and falsified their reports of the incident.

85. PLAINTIFF is informed and believes and thereupon alleges that because of said grievances, Defendants and DOES 1-10 retaliated by sending PLAINTIFF to the SHU for an eight-month term and rendering a classification committee decision, which resulted in PLAINTIFF'S transfer to CSP-SAC, a 180-degree maximum security prison. PLAINTIFF further alleges that Defendants knew or reasonably should have known that both the SHU term and transfer would have an extremely adverse effect on PLAINTIFF'S well-being, as both the SHU term and transfer resulted in PLAINTIFF'S loss of privileges to participate in prison programs, inferior conditions, and hardships.

86. The aforementioned acts of Defendants chilled PLAINTIFF'S exercise of his First Amendment right to file grievances against prison staff without fear of retaliation.

87. PLAINTIFF is informed and believes and thereupon alleges that aforementioned acts of Defendants did not reasonably advance a legitimate correctional goal and/or were not narrowly tailored enough to achieve said goals. Rather, PLAINTIFF is informed and believes and thereupon alleges that the aforementioned acts of Defendants were retaliatory, arbitrary, and capricious. PLAINTIFF further alleges that the aforementioned acts of Defendants occurred without a final determination as to his guilt on the RVR arising out the December 16, 2019 incident, despite the fact that PLAINTIFF had suffered no prior disciplinary actions relating to violence since his incarceration, and without sufficient investigation into PLAINTIFF'S claims of excessive force. PLAINTIFF believes and alleges that Defendants ordered and/or approved and/or ratified PLAINTIFF'S SHU term and transfer in retaliation for exercising his First Amendment rights.

88. As a result of Defendants' retaliation against him, PLAINTIFF has suffered emotional

20

pain and distress, including but not limited to depression, insomnia, anxiety, and post-traumatic stress disorder.

## SIXTH CAUSE OF ACTION

### 42 Violation of U.S.C. § 1083

### (Monell Claim)

### (Against CDCR)

89. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

90. CDCR had a duty to adequately train, supervise and discipline the correctional officers they employed in order to protect incarcerated individuals, including PLAINTIFF, from being harmed by correctional officers unnecessarily.

91. CDCR was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained of herein.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Bane Act Violation – CA Civil Code § 52.1)

### (Against All Defendants and DOES 1-10)

92. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

93. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants CLARK, SARMIENTO, ROCHA, CRUZ, and PEREZ, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants CLARK, SARMIENTO, ROCHA, CRUZ, and PEREZ were acting within the course and scope of their employment with CDCR. As such, Defendant CDCR is liable in *respondeat superior* for the injuries caused by the acts and omissions of Defendants CLARK, SARMIENTO, ROCHA, CRUZ, and PEREZ pursuant

to § 815.2 of the California Government Code.

94. Defendants CLARK, SARMIENTO, ROCHA, CRUZ, and PEREZ intentionally perpetrated physical harm upon and interfered with PLAINTIFF'S state and federal statutory and Constitutional rights.

95. PLAINTIFF'S rights which were interfered with include, but are not limited to: the right to be free from personal injury and cruel and unusual punishment, medical aid, and the right to be free from retaliation.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Battery)

**(Against CDCR, Sarmiento, Rocha, Cruz, and DOES 1-10 inclusive)**

96. PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

97. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants were acting within the course and scope of their employment and/or agency with CDCR. As such, Defendant CDCR is liable in *respondeat superior* for the injuries caused by the acts and omissions of Defendants pursuant to § 815.2 of the California Government Code.

98. On December 16, 2019, SARMIENTO perpetrated an intentional vicious physical attack on PLAINTIFF, and repeatedly battered him by forcefully punching him in the head with his fists. ROCHA joined in the attack by pepper spraying PLAINTIFF and beating PLAINTIFF over the head with his baton. SARMIENTO and/or ROCHA then viciously, and without justification, stomped on PLAINTIFF'S hand while PLAINTIFF was

22

restrained in handcuffs. CRUZ aided and abetted SARMIENTO and ROCHA'S attack by opening PLAINTIFF'S cell door without following prison protocols thereby granting SARMIENTO access to PLAINTIFF, and by standing watch over the beating from his location in the control tower. Defendants had the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFF.

99. Each Defendant had a duty to intervene in each Defendant's battery against PLANITIFF but failed to intervene.

100.     Defendants' actions were without cause and unlawful.

101.     As a result of Defendants' conduct, PLAINTIFF was injured and suffered damages.

102.     PLAINTIFF has a right to be free from unwanted or unwarranted contact with his person and this right was violated by Defendants' actions or omissions, inclusive. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Assault)

**(Against CDCR, Sarmiento, Rocha, Cruz and DOES 1-10 inclusive)**

103.     PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

104.     The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants were acting within the course and scope of their employment and/or agency with CDCR. As such, Defendant CDCR is liable in *respondeat superior* for the injuries caused by the acts and omissions of Defendants pursuant to § 815.2 of the California Government Code.

23

105.     SARMIENTO, ROCHA, CRUZ caused PLAINTIFF to fear that he was going to be beaten and possibly killed.

106.     Defendants battered and assaulted PLAINTIFF without cause. Defendants' conduct was neither privileged nor justified under statute or common law.

107.     As a result of Defendants' acts, PLAINITFF was in fact placed in great apprehension of imminent harmful and offensive contact with his person.

108.     At no time did PLAINTIFF consent to any of the acts by the Defendants as alleged hereinabove.

109.     Defendants' conduct as described above caused PLAINTIFF to be apprehensive that Defendants would subject him to further intentional invasions of his right to be free from offensive and harmful contact and demonstrated that at all times herein, Defendants had a present ability to subject him to an intentional offensive and harmful touching.

110.     As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, PLAINTIFF has suffered short-term and long-term physical injury, severe emotional distress, humiliation, anxiety, insomnia, post-traumatic stress disorder, and economic harm.

111.     PLAINTIFF has a right to be free from unwanted or unwarranted contact with his person and his rights were violated by Defendants' action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Negligence)

### (Against CDCR, Perez, Clark, and DOES 1-10 inclusive)

112.     PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

113.     In the alternative, PLAINTIFF alleges Defendants' negligent actions and/or

24

negligent failure to act within the scope and course of employment with CDCR, as set forth herein-above approximately caused severe physical injury and serious distress to PLAINTIFF.

114.     The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant PEREZ and CLARK and DOES 1-10 were acting within the course and scope of their employment and/or agency with CDCR. As such, Defendant CDCR is liable in *respondeat superior* for the injuries caused by the acts and omissions of Defendants pursuant to § 815.2 of the California Government Code.

115.     Defendants PEREZ and CLARK and DOES 1-10 were employed in supervisory governmental positions, and as such, had a duty to PLAINTIFF to properly train, supervise, and control subordinate officers and/or employees, including other Defendants, to prevent them from assaulting, battering, and/or falsely imprisoning, and/or falsely punishing, and/or violating PLAINTIFF'S constitutional rights. In addition, said Defendants in supervisory governmental positions had a duty to properly review the conduct of those Defendants over whom they had authority and to discipline and/or punish improper conduct by such Defendants, and from ratifying such conduct that was illegal or unconstitutional.

116.     Defendants breached their duties to PLAINTIFF to exercise reasonable care in the performance of their official duties, including their duties to comply with governmental orders, policies, regulations, and training.

117.     Said breach of duties proximately caused injury to PLAINTIFF for which he has sustained damages.

118.    The acts of confirming and ratifying the conduct of subordinate officers by those Defendants who were employed in supervisory governmental positions were undertaken with the actual and/or constructive knowledge that PLAINTIFF'S physical and emotional distress would be caused, and were done with wanton and reckless disregard to the consequences to PLAINTIFF.

119.    In performing the acts and omissions set forth herein, Defendants were acting within the course and scope of their employment as governmental employees, and thus their governmental employers are liable for those Defendants' acts and omissions.

## ELEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against All Defendants and DOES 1-10)

120.    PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

121.    The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants CLARK, PEREZ, SARMIENTO, ROCHA, and CRUZ were acting within the course and scope of their employment and/or agency with CDCR. As such, Defendant CDCR is liable in *respondeat superior* for the injuries caused by the acts and omissions of Defendants pursuant to § 815.2 of the California Government Code.

122.    SARMIENTO and ROCHA maliciously attacked and beat PLAINTIFF. CRUZ aided and abetted the battery and assault and pointed a rifle at PLAINTIFF while PLAINTIFF was on the ground in handcuffs. After the initial attack, SARMIENTO, ROCHA and CRUZ conspired to inflict further emotional distress, beyond the beating, by

26

filing fabricated reports of the incident alleging that PLAINTIFF took a fighting stance and tried to hit SARMEINTO. The false allegations in Defendants' reports resulted in PLAINTIFF receiving a RVR, and ultimately, PLAINTIFF'S eight-month long SHU sentence and transfer out of CSP-COR, all of which caused PLAINTIFF severe emotional distress. ROCHA also inflicted further emotional distress on PLAINTIFF by false alleging that he escorted PLAINTIFF to decontaminate thereby causing the other staff members to ignore and/or delay responding to PLAINTIFF'S pleas to decontaminate. PEREZ inflicted emotional distress upon PLAINTIFF by ignoring and/or refusing PLAINTIFF'S pleas for decontamination and medical attention, as well as by ratifying the false reports filed by SARMIENTO, ROCHA, and CRUZ, which PEREZ knew or reasonably should have known to be false.

123.    CLARK, PEREZ, and DOES 1-10 inflicted emotional distress on PLANITIFF by retaliating against PLAINTIFF for filing grievances related to the attack. Defendants retaliated by sentencing and/or approving a sentence or punishment of eight months in the SHU and authorizing and/or initiating PLAINTIFF'S transfer to a 180-degree maximum security prison. Said adverse actions of CLARK, PEREZ, and DOES 1-10 where undertaken without cause and did not advance a legitimate penological purpose. The aforementioned actions of the Defendants caused PLAINTIFF to suffer severe emotional distress.

124.    PLAINTIFF has a right to be free from such callous actions and this right was violated by said Defendants, inclusive.

125.    As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, PLAINTIFF has suffered short-term and long-term physical injury, severe emotional distress, humiliation, anxiety, insomnia, post-traumatic stress disorder, and economic harm.

27

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### (Negligent Infliction Of Emotional Distress)

### (Against All Defendants and DOES 1-10)

126.     PLAINTIFF realleges and incorporates by reference every allegation of the preceding paragraphs as though fully set forth herein.

127.     In the alternative, PLAINTIFF alleges Defendants' negligent actions and/or negligent failure to act within the scope and course of employment with CDCR, as set forth herein-above approximately caused severe physical injury and serious distress to PLAINTIFF.

128.     The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to § 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants CLARK, PEREZ, SARMIENTO, ROCHA, and CRUZ were acting within the course and scope of their employment and/or agency with CDCR. As such, Defendant CDCR is liable in *respondeat superior* for the injuries caused by the acts and omissions of Defendants pursuant to § 815.2 of the California Government Code.

129.     Defendants' negligence was a substantial factor in causing PLAINTIFF serious emotional distress including both physical and emotional suffering, fright, nervousness, anxiety, worry, shock, humiliation, and shame.

130.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

28

PLAINTIFF hereby demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief, as follows:

For general damages in a sum according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C § 794(a);

For all other relief to which the Court deems just and proper.

Dated: September 2, 2020

Respectfully submitted,

ERICA TREEBY
Attorney for Plaintiff
JAHMARI BUTLER

29

**EXHIBIT A**

30

## CLAIMANT INFORMATION

| | | |
|---|---|---|
| LAST NAME **BUTLER** | FIRST NAME **JAHMARI** | MIDDLE INITIAL **S.** |

INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) **AZ2049**

BUSINESS NAME (if applicable) **N/A**

TELEPHONE NUMBER **N/A**

EMAIL ADDRESS **N/A**

| | | | |
|---|---|---|---|
| MAILING ADDRESS **CSP-CORCORAN P.O. BOX 8800** | CITY **CORCORAN** | STATE **CA** | ZIP **93212** |

IS THE CLAIMANT UNDER 18 YEARS OF AGE?
☐ Yes  ☒ No

INSURED NAME (Insurance Company Subrogation) **N/A**

IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM?
☐ Yes  ☒ No

EXISTING CLAIM NUMBER (if applicable)

EXISTING CLAIMANT NAME (if applicable)

## ATTORNEY OR REPRESENTATIVE INFORMATION

| | | |
|---|---|---|
| LAST NAME | FIRST NAME | MIDDLE INITIAL |

TELEPHONE NUMBER

EMAIL ADDRESS

| | | | |
|---|---|---|---|
| MAILING ADDRESS | CITY | STATE | ZIP |

## CLAIM INFORMATION

STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED
**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION - CDCR**

DATE OF INCIDENT **12-16-19**

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

DOLLAR AMOUNT OF CLAIM **$300,000**

CIVIL CASE TYPE (Required, if amount is more than $10,000)
☐ Limited ($25,000 or less)  ☒ Non-Limited (over $25,000)

DOLLAR AMOUNT EXPLANATION **INJURIES SUSTAINED, FALSE REPORTS FILED MALICIOUSLY, NEGLIGENT MEDICAL ATTENTION, MENTAL AND PHYSICAL PAIN AND SUFFERING**

INCIDENT LOCATION **CSP-CORCORAN - YARD: 3C - BUILDING: 04 - CELL: 207**

SPECIFIC DAMAGE OR INJURY DESCRIPTION **SLIGHT CONCUSSION, SWOLLEN TEMPLES (BOTH), JAW SWOLLEN (BOTH SIDES) HARD TO CHEW CRACKING SOUND, EYE SWOLLEN WITH BRUISING, EXPOSE TO CHEMICAL AGENT/WEAPON FOR HOURS W/C RELIEF, SWELLING KNOTS ON TOP OF MY HEAD FROM BATON, LEFT THUMB BROKE IN 2 PLACES, DISLOCATED RIGHT THUMB (SURGERY DONE), INSOMNIA, DEPRESSION, AND EMOTIONAL DISTRESS.**

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY **PUNCHED REPEATEDLY, BOTH TEMPLES, JAW BOTHSIDES, EYE CHIN, MOUTH, LIP. SPRAYED DIRECTLY IN MY FACE WITH PEPPER SPRAY AND BEATEN WITH A BATON. LEFT THUMB BROKE IN 2 PLACES DURING BEATING BY BOTH OFFICERS, RIGHT THUMB VIOLENTLY KICKED WHILE HANDCUFFED IN THE [...] RESULTING IN DISLOCATION REQUIRING SURGERY. PLACED IN HOLDING CELL FOR 2 TO 3 HOURS W/O DECONTAMINATION OF PEPPER SPRAY AFTER NUMEROUS REQUESTS, FALSE REPORT FILED OF ASSAULT ON STAFF TO RETAIN ME IN AD SEG TO CAUSE IMMUNATELY, EMOTIONAL DISTRESS AND INSURE A LIMITED ABILITY TO QUESTION WITNESSES WITH EXCULPATORY FACTS AND GATHER INFORMATION IN MY DEFENSE.**

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY **OFFICERS INVOLVED ACTED WITH ACTUAL MALICE AND APPLICABLE STATE OF MIND WHILE I WAS HELD IN THEIR CUSTODY AT CDCR-CSP CORCORAN ON 12-16-19, AS EMPLOYEES OF THE STATE IN HER [...] CAPACITY, A WELL PLANNED, AND STATE DOCUMENTS FALSIFIED, RECKLESSNESS AMOUNTED TO A DELIBERATE INDIFFERENCE, AND RIGHT TO BE FREE FROM HARM AND INJURY INFLICTED BY EMPLOYEE OF THE STATE.**

## AUTOMOBILE CLAIM INFORMATION

| DOES THE CLAIM INVOLVE A STATE VEHICLE? | VEHICLE LICENSE NUMBER(if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| ☐ Yes  ☒ No | | |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER? | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| ☐ Yes  ☒ No | | |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY? | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE(if any) |
| ☐ Yes  ☒ No | | |

## NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| *Jal Bt* | JAHMARI S. BUTLER | 2-13-2020 |

## INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O.Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

### Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGSORIM**
**Public Records Officer**
**707 3rdSt., West Sacramento, CA 95605**
(916) 376-5300

32